UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Wilfrido R.M.C., | Civil No. 26-1601 (DWF/DTS) |
| Petitioner, | |
| v. | |
| Pamela Bondi, *Attorney General, United States Department of Justice*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; and Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*, | MEMORANDUM OPINION AND ORDER |
| Respondents. | |

## INTRODUCTION

This matter is before the Court on Petitioner Wilfrido R.M.C.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2) and requesting transfer to the Western District of Texas. (Doc. No. 4.) Petitioner then filed a motion for contempt. (Doc. No. 5.) For the reasons set forth below, the Court denies the motion to transfer, grants the Petition, orders Respondents to release Petitioner immediately, and reserves ruling on the motion for contempt.

## BACKGROUND

Petitioner is a citizen of Ecuador and a resident of Minneapolis, Minnesota. (Doc. No. 1 ¶¶ 2, 30-31.) He has lived in the United States since he entered on April 7, 2024.

(*Id.* ¶¶ 2, 30)  He was apprehended upon entry and subsequently released on his own recognizance.  (*Id.*)  He has attended all immigration court dates.  (*Id.* ¶ 2.)

On January 6, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner in Minneapolis while he stopped for gasoline on his way home from work.  (*Id.* ¶¶ 4, 14, 26.)  Two masked men wearing tactical vests surrounded Petitioner with their firearms drawn.  (*Id.* ¶ 4.)  These men were ICE agents, but that was unclear to Petitioner because they did not identify themselves.  (*See id.*)  The agents did not produce a warrant for the arrest nor give any reason for detention.  (*Id.* ¶¶ 4, 32.)  Petitioner attempted to flee from the unidentified armed men, so they shot him with rubber bullets, placed him in their vehicle, and drove away.  (*Id.* ¶ 4.)

He was first taken to the Whipple Federal Building at Fort Snelling in Minnesota.  (*Id.* ¶ 5.)  He was then transferred to the ERO El Paso Camp East Montana Facility in El Paso, Texas, the following day.  (*Id.*; Doc. No. 4 at 1.)  At the time of filing, ICE's online detainee locator showed that he was still in El Paso. (Doc. No. 1 ¶ 5.)  However, it appears Petitioner was moved after filing, this time to Louisiana.[1]  (*See* Doc. No. 6 at 1; Doc. No. 8 at 1 & n.1.)  Currently, the ICE detainee locator lists only "Call ICE For Details."  *Online Detainee Locator System*, U.S. Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/search (last visited Feb. 27, 2026).

---

[1]   After seven weeks in El Paso, Respondents moved Petitioner mere hours before he was scheduled to meet with his attorney.  (Doc. No. 8 at 1-2.)

Petitioner filed the Petition on February 23, 2026. (Doc. No. 1 at 22.) Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(2) is unlawful because it violates the Due Process Clause of the Fifth Amendment, violates the Immigration and Nationality Act, and constitutes unlawful arrest. (*Id.* ¶¶ 35-66.) Petitioner also asserts that he is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-cv-1873, 2025 WL 3288403 (C.D. Cal. (Nov. 25, 2025), *amended by* 2025 WL 3713987 (Dec. 18, 2025).[2] (*Id.* ¶¶ 10-12.) Petitioner requests, among other things, release from detention or an order requiring Respondents to provide him with a bond hearing under 8 U.S.C. § 1226(a). (*Id.* at 20-21.) On February 24, 2026, the Court ordered Respondents to answer the Petition on or before February 26, 2026 at 12:00 p.m. CT, and enjoined Respondents from moving Petitioner from this District pending further order, or if Petitioner was already moved from Minnesota, ordered that he be immediately returned to the state.[3] (Doc. No. 3.) Respondents timely filed the response. (Doc. No. 4.)

---

[2]   Because the Court concludes that § 1225(b) does not apply to Petitioner, and therefore Petitioner is entitled to relief regardless of whether he is a member of the class, the Court need not address the effect of *Maldonado Bautista*.

[3]   Petitioner moves for contempt because Respondents failed to return Petitioner to Minnesota and, indeed, moved him elsewhere. (Doc. No. 5.) The Court is concerned that Petitioner was moved to Louisiana instead of to Minnesota. However, the Court will not pursue contempt proceedings at this time, so long as Petitioner is immediately returned to Minnesota and released, as ordered below. The Court reserves ruling on the motion until it is confirmed that Petitioner was timely released in Minnesota.

## DISCUSSION

I.   **Motion to Dismiss or Transfer**

As a threshold matter, Respondents challenge the Court's jurisdiction over this case. (Doc. No. 4 at 2-5.) They ask the Court to either dismiss the Petition or transfer the matter to the Western District of Texas. (*Id.* at 1, 6.) Generally, jurisdiction over a habeas petition lies only in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). However, "[w]hen . . . a prisoner is held in an undisclosed location by an unknown custodian, it is impossible to apply the immediate custodian and district of confinement rules." *Id.* at 450 n.18. Petitioner's current location is unknown to counsel, and the ICE detainee locator only provides "Call ICE For Details." Therefore, this exception applies. The Court exercises jurisdiction because the Petition was filed here. The motion to dismiss or transfer is denied.

II.  **Merits of the Petition**

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and point the Court to their arguments in a pending Eighth Circuit case:

*Avila v. Bondi*, No. 25-3248. (Doc. No. 4 at 5-6.) As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for nearly two years. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Further, Respondents fail to address the impact of his prior release under § 1226. Respondents do not show that Petitioner's order for release on recognizance was revoked or that there was any change in circumstances that would warrant its revocation. Sections 1225 and 1226 are meant to address different populations, they are not interchangeable. *See Adriana M.Y.M. v. Easterwood*, No. 26-cv-213, 2026 WL 184721, at *4 (D. Minn. Jan. 24, 2026) (citing *Jennings*, 583 U.S. at 285-90).

5

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detention. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). There is no evidence that Respondents had a warrant to arrest Petitioner. And after being given the opportunity to explain the true cause of Petitioner's detention and provide documents of such (*see* Doc. No. 3), Respondents did not do so, (*see* Doc. No. 4). The Court therefore concludes that Petitioner was arrested without a warrant. The remedy for a warrantless arrest is immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation omitted)).

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately, subject only to the conditions of his prior Order of Release on Recognizance.

4. Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner:

    a. In Minnesota;

    b. With all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone;

    c. Without any new conditions on release, including but not limited to requiring Petitioner to sign a new "Order of Release on Recognizance" or requiring Petitioner to enroll and complete an "Alternatives to Detention" program;

    d. Without any tracking devices or use of a tracking application; and

    e. With all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.

6. Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner. Petitioner's counsel is Joseph Nelson and can be reached at 612-333-8844.

7. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

8. Respondents' motion to dismiss or transfer (Doc. No. [4]) is **DENIED**.

9. The Court **RESERVES RULING** on Petitioner's motion for contempt (Doc. No. [5]).

10.     Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 27, 2026            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge